

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

REGIONAL OFFICE DIVISION  
NASSAU REGIONAL OFFICE

July 2, 2024

The Honorable Lee G. Dunst  
United States Magistrate Judge  
Eastern District of New York  
100 Federal Plaza  
Central Islip, New York 11722

**Re:** *Massapequa Union Free Sch. Dist., et al. v. NYS Bd. of Regents, et al.*, No. 2:23-cv-7052 (the "Massapequa Matter")  
*Wantagh Union Free Sch. Dist., et al. v. NYS Bd. of Regents, et al.*, No. 2:23-cv-07299 (the "Wantagh/Wyandanch Matter")  
*Connetquot Central Sch. Dist., et al. v. NYS Bd. of Regents, et al.*, No. 2:23-cv-07696 (the "Connetquot Matter")  
*Amityville Union Free Sch. Dist., et al. v. NYS Bd. of Regents, et al.*, No. 2:23-cv-8011 (the "Amityville Matter")

Dear Judge Dunst:

This Office represents Defendants in the four above-referenced related cases. I write to respectfully request a stay of all further discovery in these matters pending resolution of Defendants' motions to dismiss all four cases in their entirety.

This request has been made necessary by the exceedingly broad scope of discovery sought by Plaintiffs, which is far beyond what is permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure. These cases involve no factual disputes. They involve legal questions as to the constitutionality of Part 123 of the Regulations of the Commissioner of Education, 8 NYCRR §§ 123.1-123.5 ("Part 123").

### *Status of Discovery*

On April 16, 2024, Plaintiffs served discovery demands in the four cases. Each demand contained twelve interrogatories. The demands in the Massapequa, Connetquot, and Amityville Matters contained forty-four (44) requests for production of documents, and the demand in the Wantagh/Wyandanch Matter contained forty-five (45) requests for production of documents.

On May 31, 2024, Defendants served their responses, which included production of more than 500 documents.

By letter dated June 20, 2024, Plaintiffs set forth certain purported deficiencies in Defendants' responses. In their letter, Plaintiffs cited case law, but the cases they cited involved matters such as financial transactions where, unlike here, there were factual disputes and the documents were relevant to the resolution of those factual disputes. The parties conferred on June 24, 2024, on both Plaintiffs' deficiency letter and on this then-anticipated motion, and on June 26, 2024, Defendants provided a detailed response to Plaintiffs' letter. Defendants believe the issues have been resolved. However, it is our understanding that Plaintiffs' counsel has not ruled out the filing of a motion to compel, which Defendants respectfully submit would not be a good use of the Court's time. Defendants also respectfully submit that depositions will not be appropriate in these matters, which involve only legal issues, while motions to dismiss are pending.

### *Permissible scope of discovery*

As a general matter,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering [1] the importance of the issues at stake in the action, [2] the amount in controversy, [3] the parties' relative access to relevant information, [4] the parties' resources, [4] the importance of the discovery in resolving the issues, and [5] whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

### *Standards for stay of discovery*

District courts possess inherent power to stay proceedings, *see, e.g.*, *Thomas v. N.Y. City Dep't of Educ.*, No. 09-cv-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010), and have "considerable discretion" to grant a stay of discovery upon a showing of good cause, *Al Thani v. Hanke*, 20-cv-4765, 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021).

In examining a motion to stay discovery pending a motion to dismiss, courts consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Salese v. JP Morgan Chase & Co.*, No. 23-cv-00153, 2023 WL 5047890, at *1 (E.D.N.Y. Aug. 8, 2023) (internal quotation marks omitted). In assessing good cause, courts look to "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08-cv-2437, 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008).

### *A stay of discovery is warranted in the four related matters*

All four of the aforementioned factors, as well as the factors identified in Rule 26(b)(1) (the "proportionality factors'), support a stay of discovery in the four matters.

*First factor: Defendants have made a strong showing that Plaintiffs' claims are unmeritorious*:

First, Defendants have made a strong showing that Plaintiffs' claims are unmeritorious. As set forth in their letters requesting a premotion conference,[1] Plaintiffs' first two causes of action in the four cases are unquestionably untimely. *See* Massapequa Matter ECF Nos. 29, 31; Wantagh/Wyandanch Matter ECF Nos. 29, 31; Connetquot Matter ECF Nos. 25, 27; Amityville Matter ECF Nos. 25. 27. As for their third cause of action in each case, Plaintiffs do not state a plausible separation of powers claim because they fall far short of showing that SED exceeded its broad mandate in promulgating Part 123. *Id*. Plaintiffs' fourth cause of action fails to show that Part 123, which contains clear definitions and was accompanied by guidance from SED, is unconstitutionally vague. *Id*. And Plaintiffs' fifth cause of action fails to state a plausible First Amendment claim because the school names, logos, and mascots at issue are forms of government speech that fall outside the scope of the First Amendment. *Id*. Courts within the Second Circuit routinely grant stays of discovery pending motions to dismiss that are "supported by 'substantial arguments for dismissal.'" *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd*., 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (*quoting Spencer Trask Software and Info. Servs.,* LLC v. *RPost Intern. Ltd*., 206 F.R.D. 367, 368 (S.D.N.Y.2002)); *see also Telesca v. Long Island Hous. P'ship, Inc*., No. 05-cv-5509, 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006).

*Second factor: the scope of discovery sought is unduly burdensome*:

The second factor strongly favors a stay because the scope of the discovery sought is extraordinarily broad and burdensome. This factor weighs even more strongly in favor of a stay in light of Rule 26(b)(1)'s proportionality factors because the scope of Plaintiffs' discovery demands is far out of proportion to the needs of the case, which involves legal questions, not factual disputes. While the issues in these cases are certainly important, all other proportionality factors demonstrate how out of proportion Plaintiffs' demands are. There is no amount in controversy, so there is no discovery needed to resolve damages. The parties' relative access to information is nearly equal. Any potentially relevant information sought by Plaintiffs is publicly available, and some information sought by Plaintiffs is solely in the possession of school districts. The next proportionality factor weighs strongly in favor of a stay because the importance of the desired discovery in resolving the issues is negligible to nonexistent—these cases involve legal questions, not factual disputes.

As for the last proportionality factor identified in Rule 26(b)(1), both the burden and the expense of the desired discovery outweigh the nonexistent benefit. For example, Plaintiffs seek various categories of information about the Indigenous Mascot Advisory Group, even though the Indigenous Mascot Advisory Group, which was comprised of representatives of Indigenous Nations, had no role in the drafting of Part 123. Other requests seek documents that are not in the custody or control of Defendants. For example, Plaintiffs seek documents related to complaints

---

[1] Because Judge Brodie prefers that the parties use the bundle rule, Defendants have served their opening memorandum of law but have not filed it.

made pursuant to the Dignity for All Students Act, but any such complaints would be in the possession of school districts, not Defendants. And several requests seek information from more than twenty years ago that are irrelevant to the issues in the four cases. The prejudice to Defendants of responding further to burdensome and irrelevant discovery strongly favors a stay. *Vida Press v. Dotcom Liquidators, Ltd.*, No. 22-cv-2044, 2022 WL 17128638, at *2 (E.D.N.Y. Nov. 22, 2022) ("[T]he second factor favors a stay as the breadth of discovery and corresponding burden of responding would prejudice Defendant if its motion to dismiss is indeed granted.").

*Third factor: there is no risk of prejudice to Plaintiffs if discovery is stayed*:

Finally, there is no risk of prejudice to Plaintiffs in staying discovery. Defendants have responded to the interrogatories and have produced responsive, non-privileged documents in their possession. Defendants' production far exceeds the needs of this litigation. In addition, as stated above, much of the information sought is public information. Plaintiffs may retrieve this information without having to impose unnecessary and disproportionate burdens on Defendants. Accordingly, as a practical matter, any stay would likely be limited to depositions and expert discovery, if any. A stay is particularly appropriate here, where Plaintiffs do not need discovery to oppose Defendants' motions to dismiss. *See Boelter v. Hearst Commc'ns, Inc.*, No. 15 Civ. 03934, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) ("Each of Defendant's proffered grounds for dismissing the action pose strictly legal questions, and Plaintiff has not demonstrated that discovery is necessary to rebut Defendant's arguments.").

For all of these reasons, Defendants respectfully request that the Court stay further discovery in the four related matters pending the outcome of Defendants' motions to dismiss the cases in their entirety. Thank you for your attention to this request.

        Respectfully submitted,

        s/ *Helena Lynch*
        Helena Lynch
        Assistant Attorney General
        Direct: (516) 248-3312 | Helena.Lynch@ag.ny.gov